### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTOAYNER DE OLIVEIRA-FARIAS,** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN MCSHANE, Field Office Director of** | : | |
| **Enforcement and Removal Operations,** | : | |
| **Philadelphia Field Office, ICE, et al.,** | : | |
| *Respondent*s. | : | **NO. 26-0160** |

### <u>MEMORANDUM</u>

**KENNEY, J.**                                                      **February 13, 2026**

On January 11, 2026, Petitioner Waltoayner De Oliveira-Farias filed a petition for a writ of habeas corpus, challenging his detention without a bond hearing. *See* ECF No. 1 at 2. The Court granted the Petition, insofar as it concluded that Petitioner's detention without a bond hearing was unlawful, and it ordered Respondents to provide Petitioner with a bond hearing at which the Parties could present evidence and arguments. ECF No. 6. On January 21, 2026, a bond hearing was held before an immigration judge, who determined that Petitioner failed to establish that he is not a flight risk and denied bond. *See* ECF No. 9 at 2. Petitioner now moves for additional relief, arguing that his bond hearing was fundamentally unfair because it "did not comport with Due Process requirements for notice and opportunity to be heard" and "renews his request for this Court to order his immediate release." *Id.* at 4. For the reasons set forth below, Petitioner's request for relief (ECF No. 9) will be **DENIED**.

### I.      <u>DISCUSSION</u>

When a district court orders a bond hearing pursuant to granting a writ of habeas corpus, the district court's jurisdiction to review the outcome of the bond hearing is limited. Generally, the

1

court may review only whether the bond hearing failed to satisfy due process, or presented other constitutional defects, in violation of the court's habeas corpus order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (noting that though courts cannot "review any discretionary determinations underlying [an immigration judge]'s bond decision," they "may review whether the bond hearing was fundamentally unfair," and reviewing the district court's decision regarding fundamental unfairness on the merits); *see also P.M. v. Joyce*, No. 22-CV-6321, 2023 WL 2401458, at *1 n.2 (S.D.N.Y. Mar. 8, 2023) ("[F]ailure to appeal the denial of bond does not preclude [a petitioner] from seeking a writ of habeas corpus for the unconstitutional deprivation of a bond hearing" if appealing to the Board of Immigration Appeals is futile). The court may not "relitigate the merits of [the] bond order" or weigh the evidence, and mere "disagreements about the outcome of the bond hearing" do not furnish a basis for relief in the district court. *See Ghanem*, 2022 WL 574624, at *2–3. If the bond hearing is not fundamentally unfair, any challenges to the hearing's outcome must typically be channeled through the ordinary process of appealing an immigration judge's ruling to the Board of Immigration Appeals. *See Hugo A. A. Q. v. Green*, No. CV 17-5755, 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("[A] petitioner seeking review of [a bona fide] bond decision must instead either appeal the bond denial to the BIA or seek his release through filing a request for a bond redetermination hearing.").

Petitioner's bond hearing satisfied the minimum requirements of due process. A bond hearing comports with due process if three elements are met: (1) There must be an opportunity for "factfinding based on a record produced before the decisionmaker and disclosed to [the petitioner];" (2) the petitioner must "be allowed to make arguments on his or her own behalf;" and

(3) the immigration judge must make "an individualized determination of [the petitioner's] interests." *See Ghanem*, 2022 WL 574624, at *2. Petitioner's bond hearing satisfied the first and second elements. Petitioner presented evidence to the immigration judge, *see* ECF No. 9-2 at 3–4, and Petitioner's counsel argued on his behalf, *see* Bond Hearing Audio Recording, ECF No. 11-1.

The immigration judge then made an individualized determination as to Petitioner, satisfying the third element of due process. A bond hearing is individualized if it is not "so arbitrary that it would offend fundamental tenets of due process." *Romero v. Ogle*, No. 1:21-CV-01192, 2021 WL 8362027, at *3 (M.D. Pa. Nov. 12, 2021) (citation omitted). And if "there is a discernible rational basis for the underlying administrative decision," and the immigration judge applies the correct legal standards, that suffices. *Id.* Here, the immigration judge identified a specific basis for denying bond—she concluded on the record that Petitioner was a flight risk. *See* Bond Hearing Audio Recording at 07:00–07:50. She based this determination explicitly on the fact that Petitioner filed an untimely application for asylum on April 11, 2025, which is over a year after Petitioner entered the United States on July 25, 2022, and so determined that Petitioner is likely ineligible for asylum. *Id.* at 03:50–04:38. The immigration judge stated that Petitioner's explanation for filing his asylum application after the one-year deadline—that he did not know that he had to file an application for asylum within one year after entering the U.S. until he had the means to hire an attorney—did not qualify for an exception to the one-year rule. *Id.* She then discussed the underlying facts of Petitioner's asylum application and reviewed the affidavit attached to the application, reaching a conclusion based on the strength of Petitioner's application that it is highly unlikely that he will show a need for asylum. *Id.* at 04:38–06:20. She clarified that in the context of a bond hearing, the flight risk determination is based on an evaluation of whether or not an

individual will appear for immigration proceedings if released from detention, and noted that individuals with no avenue to relief via asylum, such as Petitioner, have no incentive to show up for immigration proceedings. *Id.* 07:00–07:50.

Petitioner argues that the immigration judge's findings did not comport with due process because she "made certain findings that indicate she did not properly review the evidentiary record, and instead relied on her own version of the facts to justify finding that Petitioner was a flight risk." ECF No. 9 at 3. While the immigration judge did, as Petitioner points out, mistakenly state that Petitioner did not pursue immigration relief until after he was detained, *see id.*; Bond Hearing Audio Recording at 06:40–07:00, this misstatement did not affect the immigration judge's overall reasoning as she clearly explained that she found Petitioner to be a flight risk because his asylum application was untimely and highly unlikely to demonstrate a need for asylum based on the merits, Bond Hearing Audio Recording at 03:50–06:40. Petitioner also notes that the immigration judge was unaware of this Court's Order directing Respondents to hold a bond hearing, ECF No. 9 at 3, but again, this lack of awareness did not factor into the immigration judge's flight risk determination. Rather, the audio recording of the bond hearing shows that the immigration judge's reasoning was specific to the Petitioner, based on facts presented by the Parties, and had a rational basis. This Court is prohibited from reweighing the evidence in reviewing the outcome of Petitioner's bond hearing. *See Ghanem*, 2022 WL 574624, at *2; *see also Morgan v. Oddo*, No. 3:24-cv-221, 2025 WL 2653707, at *6 (W.D. Pa. Sept. 16, 2025) (denying request for relief where an immigration judge's determination did "not appear to rest on plain legal error" or "appear to lack a rational basis" (internal quotations and citation omitted)).

The Court takes no position on whether the outcome of the bond hearing was correct. It

reviews only whether due process was satisfied and concludes that the minimum requirements for due process were met here.

## II.    __CONCLUSION__

For the foregoing reasons, Petitioner's request (ECF No. 9) to reverse the denial of bond and grant immediate release will be denied. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**